JUAN VELÁZQUEZ, JUAN CÁDIZ, ATANASIO CRUZ and JUAN MONSERRATE, Petitioners, *v.* DISTRICT COURT OF HUMACAO, GABRIEL CASTEJÓN, JUDGE, Respondent.

No. 508. Argued February 19, 1926.—Decided April 28, 1926.

*F. Cervoni Gely* for the petitioners.   *José E. Figueras, Fiscal,* for the respondent.

Mr. Justice Wolf delivered the opinion of the court.

Juan Velázquez, Juan Cádiz, Atanasio Cruz and Juan Monserrate have presented a petition in certiorari to this court, No. 508. On the 14th day of December, 1925, one of the present petitioners, Juan Monserrate, by name, asked the District Court of Humacao for an order of dismissal in accordance with section 448 of the Code of Criminal Procedure as no due information had been presented against him. The court refused the motion and Juan Monserrate applied for a writ of certiorari to this court, No. 503. While this certiorari was still pending the petitioners, including Juan Monserrate, were summoned by the court to answer to an information. All of the petitioners moved for a dismissal by virtue of section 448, inasmuch as a trial had not taken place within one hundred and twenty days. At the hearing it developed that the *fiscal* had on the 12th of January, 1926, dismissed the former proceedings and on the 13th of January, 1926, filed a new information. The court overruled the motion and the defendants presented the writ of certiorari, No. 508.

We have had some doubts whether the *fiscal* could present a new information without releasing the defendants, but either the defendants waived that point or they were rearrested. The only question raised in the present writ is whether the *fiscal* had authority voluntarily to dismiss a prosecution and begin anew and hence that the court should have granted the motion of dismissal.

When a grand jury presents an indictment against a person it is powerless to recall the presentment. At the time of the

passage of the Code of Criminal Procedure in Porto Rico the *fiscal* was to a certain extent a substitute for the grand jury and this is again true today. At common law and under the federal practice a district attorney has power to dismiss a prosecution known as a "nolle pros.," *U. S.* v. *Merrit,* 1 P. R. Fed. 203, an interesting opinion of Judge Holt; 16 C. J. 432 *et seq.,* 35 L.R.A. 701, case and notes, and this power generally exists where there is no statute. In Porto Rico we have a provision of law which says:

"Sec. 451.—The court may, either of its own motion or upon the application of the prosecuting attorney and in furtherance of justice, order an action on an information to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes." Code of Criminal Procedure.

Other sections of the Code of Criminal Procedure tend to show that it is in general the court that has control of dismissals and fresh prosecutions. Sections 148, 157, 158, 159 and 308 of the Code of Criminal Procedure.

Under section 145 the defendant may move to set aside an information, among other things, because it was not subscribed and sworn to by the prosecuting attorney, and under section 148 it is the court that directs the filing of an information. Under sections 157 and 158, after demurrer, the defendant must be discharged unless the court orders or permits a new information. After a successful motion in arrest of judgment it is the court that must order a new or different information. Section 308. And under section 99 of the same Code after hearing the witnesses the *fiscal* recommends that the prisoner should be discharged.

7 California Jurisprudence 1001, Sec. 136, says:

"The Penal Code designates the cases in which and the proceedings by which a prosecution may be dismissed and the accused discharged without a trial, and it must be taken to exclude all other cases in which such dismissal may be granted. The code requires a dismissal, unless good cause to the contrary be shown, for delay in finding or filing an indictment or information or in bringing an accused to trial, and it further provides as follows:

" 'The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes.

" 'The entry of a nolle prosequi is abolished, and neither the attorney general nor the district attorney can discontinue or abandon a prosecution for a public offense, except as provided in the last section.'

"The legislature has not attempted to define the expression 'in furtherance of justice,' used in section 1385 of the Penal Code, and therefore it is left for judicial discretion exercised in view of the constitutional rights of the defendant and interests of society to determine what particular grounds warrant the dismissal. The court may, for example, grant a dismissal on account of defects in the indictment or information, or because of the refusal of a district attorney to furnish the defendant a bill of particulars. But the mere fact that a continuation of a prosecution would deplete the county treasury will not authorize its dismissal. Neither is the court required to dismiss a prosecution merely because it is requested by the district attorney to do so."

The *Fiscal* of this court says that the paragraph forbidding the entry of *nolle prosequi* has not been copied into our own code, that there is no provision forbidding such entry in Porto Rico. The petitioners counter by saying that there is no authority for it. Similarly to what the commentator says in California Jurisprudence, referring to the times when a case may be dismissed, we think that the deposit of the power to dismiss in the court was an exclusion of power in any other officer. See also 14 California Jurisprudence, p. 75, Sec. 58.

The reasons for the dismissal must be set forth in an order entered upon the minutes. The minutes of the court must show the dismissal. The *fiscal* has no minutes. If the Legislature of Porto Rico did not allude to the suppression of the *nolle prosequi* in Porto Rico it was probably because that system of dismissal had never existed here.

If a *fiscal,* to dismiss a case, has solemnly to appear before the court to urge his reasons, a citizen will not be

vexed with frequent prosecutions to escape the effect of section 448, as apparently happened in the case before us. If it be urged that in felony cases the *fiscal* has still a right to begin anew after a dismissal, nevertheless the defendant is temporarily freed, his bondsmen are released if he is under bail, and pressure is put upon the district attorney to speed the trial. In many cases the district attorney may become convinced that the defendant is innocent or that a prosecution would be abortive.

As maintained by the petitioners, it was not the intention of the Legislature that prosecutions should pend at the will of the prosecuting attorney, but the court must have its due intervention. The *Fiscal* only recommends the discharge.

Under these circumstances, feeling convinced that power to dismiss a prosecution resides only in the court, the information must be quashed and the prisoner discharged so far as the new information is concerned. The effect of this order is to leave the former proceedings intact.